UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MARK APSELOFF, | : | Case No. 1:06-cv-133 |
| Plaintiff, | : | Magistrate Judge Timothy S. Black |
| vs. | : | **MEMORANDUM OPINION AND ORDER** |
| FAMILY DOLLAR STORES, INC., | : | |
| Defendant. | : | |

This is a civil action brought by plaintiff Mark Apseloff ("plaintiff") against his former employer, Family Dollar Stores, Inc. ("defendant" or "Family Dollar"). Plaintiff claims that the defendant terminated plaintiff's employment in unlawful retaliation for his having voiced his opposition to defendant's allegedly gender-based discriminatory personnel policies, which policies violate Ohio's anti-discrimination statute, Ohio Revised Code §§ 4112. 01, *et seq*., according to plaintiff. (*See* doc. 2 at p. 3). Plaintiff further alleges that defendant's unlawfully retaliatory conduct in terminating his employment also violates Ohio's public policy. (*Id.*) Although plaintiff filed his complaint in the Hamilton County Court of Common Pleas, on March 13, 2006, defendant removed the case to this Court and filed a motion to dismiss based on *res judicata*. (Doc. 3).

### I. STATEMENT OF THE CASE

**A. <u>The Undisputed Facts.</u>**

A review of the record reflects that the following material facts are not disputed:

- Plaintiff was hired by defendant as District Manager in July 2001.

- Plaintiff's employment was terminated by defendant nine months later in late February 2002.

- Plaintiff first filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission on April 11, 2002.

- On August 26, 2006, plaintiff filed a first civil action against defendant in Hamilton County Municipal Court, Small Claims Division, alleging that upon termination, defendant unlawfully failed to pay plaintiff "stock options" that allegedly were part of plaintiff's hiring agreement with defendant. After trial on the merits, the Municipal Court ruled against plaintiff on January 30, 2003, finding that plaintiff was not entitled to any amount of money for "stock options" **upon the termination of his employment**. (*See* doc. 3 at Ex. D).

- Less than one month later, plaintiff filed another civil action against defendant in Hamilton County Municipal Court, Small Claims Division, alleging that upon termination, defendant unlawfully failed to pay plaintiff "vacation pay" due to him **upon the termination of his employment**. Promptly thereafter, defendant filed a motion to dismiss the action based on *res judicata*. (Doc. 3 at Ex. F at p. 2). On May 21, 2003, the Municipal Court granted defendant's motion to dismiss based on *res judicata*. (*Id.*)

B. **Res Judicata and Rule 12(b)(6) of the *Federal* Rules of Civil Procedure.**

Plaintiff argues that defendant cannot raise the affirmative defense of *res judicata* in a Rule 12(b)(6) motion to dismiss, citing Ohio state law and Rule 12(B)(6) of the *Ohio* Rules of Civil Procedure. The case law under the *Federal* Rules of Civil Procedure is entirely contrary, however. *See DeNune v. Consolidated Capital of North America, Inc.*, 288 F.Supp.2d 844 (N.D. Ohio 2003);[1] *see also Logan Farms v. HBH, Inc.,* 282 F.Supp.2d 776, 786 (S.D. Ohio 2003);[2] *see also Daubenmire v. City of Columbus,* 2006 U.S. Dist. LEXIS 7661 at *17-*18.[3] **Accordingly, defendant is entitled to raise the *res judicata* issue in this motion to dismiss.**

Nonetheless, in considering the motion to dismiss based on *res judicata*, the Court must take all material allegations in the complaint as true, and construe them in the light most favorable to plaintiff, the non-moving party. *See Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974); *see also Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995).

---

[1] "[T]his argument overlooks the fact that this a federal, not a state court, and the Federal Rules of Civil Procedure govern motions in this court. There is no corresponding federal precedent for disallowing a *res judicata* defense in a Fed. R. Civ. P. 12(b)(6) motion to dismiss; indeed, there is overwhelming case law to the contrary. (citations omitted) ... Defendants are entitled to raise the *res judicata* issue in this motion to dismiss."

[2] "While it is true that *res judicata*/collateral estoppel is an affirmative defense which is ordinarily pled in the answer, it is by now clearly established that *res judicata* may be raised by motion."

[3] "The weight of the authority allows a federal court to consider a preclusion defense in a Rule 12(b)(6) motion to dismiss."

## II.  THE COMPLAINT IS BARRED BY RES JUDICATA

**A.  The Doctrine of Res Judicata.**

Under Ohio state law, the doctrine of *res judicata*, or claim preclusion, bars a plaintiff from bringing a second action against the same defendant arising out of the same transaction or occurrence, or series of transactions or occurrences, after a court of competent jurisdiction has entered a valid, final judgment on the merits of the first action. *See Davis v. Sun Oil Co.,* 148 F.3d 606, 611 (6th Cir. 1999) (*per curiam*); *see also In re Fordu*, 201 F.3d 693, 703-704 (6th Cir. 1999).

The Supreme Court of Ohio has expressly adopted the "modern," expansive application of *res judicata* as set forth in *Grava v. Parkman Township,* 73 Ohio St.3d 379, 383, 653, N.E.2d 226, 229 (1995):

> In recent years, this court has not limited the application of the doctrine of *res judicata* to bar only those subsequent actions involving the same legal theory of recovery as a previous action.  In Nat'l Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178, 1180, we stated: **"It has long been the law of Ohio that 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were *or might have been* litigated in a first lawsuit"** . . . . We also declared that **"the doctrine of *res judicata* requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it."**

*Id.* (emphasis supplied).

Thus, if, in fact, the plaintiff's two prior Municipal Court cases against defendant arose out of the same transaction or occurrence, or series of transactions or occurrences,

the instant action would be a claim that was able to have been litigated previously, and, therefore, it must be dismissed based on *res judicata*.

**B. The Elements of Res Judicata.**

The doctrine of *res judicata* requires four elements of proof: (1) that the instant action involves the same two parties;  (2) that the instant action arose out of the same transaction or occurrence that was the subject of earlier actions;  (3) that the instant action could have been asserted in at least one of those previous actions; and (4) that there was a final decision on the prior action by a court of competent jurisdiction.  *See Davis v. Sun Oil Co.,* 148 F.3d 606, 611 (6th Cir. 1999) (*per curiam)*; *see also In re Fordu*, 201 F.3d 693, 703-704 (6th Cir. 1999).  All of these elements are present here.

**C. The Critical Element of Same Transaction**

The critical element in analyzing *res judicata* is whether or not the claims arose out of the same transaction.  Here, this Court finds that plaintiff has conceded that the first and second actions arose out of the same transaction, *i.e.*, his termination from employment by Family Dollar.  See page three of plaintiff's Memorandum Contra Defendant's Motion to Dismiss (Doc. 7) which states: "In the Small Claims Court, Plaintiff brought two actions against Family Dollar:  1) an action claiming money for stock options **upon his separation from Family Dollar**; and  2) an action claiming vacation pay due to him **upon his separation from Family Dollar**." (emphasis supplied). Thus, both the first and second actions clearly arose out of the plaintiff's termination from

Family Dollar (*i.e.,* "his separation from Family Dollar"). Here, this Court finds that the instant action also arises directly from the "same transaction" -- *i.e.,* plaintiff's separation from Family Dollar. Thus, the critical element of *res judicata*, which requires that the instant action arise out of the same transaction or occurrence that was the subject of earlier actions, is clearly satisfied in the present case.

D. **The Instant Claims Could Have Been Asserted in the Previous Actions.**

Plaintiff claims that *res judicata* does not apply because his previous lawsuits for "stock options" and "vacation pay" in Municipal Court did not reach the merits of the instant action. (*See* doc. 7 at p. 3). However, it is beyond cavil that plaintiff could have brought all of his claims in a single action in the Hamilton County Court of Common Pleas.

This Court looks to Section 24 of the Restatement (Second) of Judgments, Comment g, expressly adopted by the Supreme Court of Ohio in *Grava*, *supra*, which provides that *res judicata*'s preclusive effect "is applicable although the first action is brought in a court with no jurisdiction to give a judgment for more than a designated amount." Restatement (Second) of Judgments § 24, Comment g. This is so because:

> "It is assumed here that a court was available to the plaintiff in the same system of courts—say a court of general jurisdiction in the same state—where he could have sued for the entire amount. * * * The same considerations apply when the first action is brought in a court which has jurisdiction to redress an invasion of a certain interest of the plaintiff, but not another, and the action goes to judgement on the merits. . . . *The plaintiff, having voluntarily brought his action in a court which can grant him only limited relief, cannot insist upon maintaining another action on the claim.*" *Id.* (emphasis supplied).

-6-

Thus, but for the fact that the plaintiff chose to raise his initial actions in a court of limited jurisdiction, all claims could have been—and should have been—raised in a court with sufficient jurisdiction to rule on all the possible claims resulting from the plaintiff's termination.

**E. The Final Decision on the Prior Action was Entered by a Court of Competent Jurisdiction.**

As stated *supra*, even though the Hamilton County Municipal Court, Small Claims Division, did not have jurisdiction to hear the instant action, the Municipal Court was a court of competent jurisdiction that issued final decisions on the first and second actions arising from the plaintiff's termination at Family Dollar. The Hamilton County Municipal Court is a long acknowledged "tribunal of dignity and stature," *see City of Cincinnati v. Weaver*, 245 F. Supp. 529, 532 (S.D. Ohio 1965), and it was certainly competent to adjudicate plaintiff's claims for vacation pay and stock options upon his separation from Family Dollar.

Because this Court finds that the instant action arises from the same transaction or occurrence of the plaintiff's termination, and that previous actions that arose from his termination have already been tried in a court of competent jurisdiction, *res judicata* must be applied in upholding the defendant's motion to dismiss.

## III. CONCLUSION

This Court finds that the four criteria in determining the applicability of *res judicata* are easily satisfied, because: (1) the instant action involves the same two parties; (2) the instant action arose out of the same transaction or occurrence that was the subject of the earlier actions; (3) the instant action could have been asserted in at least one of those previous actions; and (4) there was a final decision on the prior action by a court of competent jurisdiction. Thus, the plaintiff's third lawsuit, this instant action, must be dismissed based on the venerable doctrine of *res judicata*.

**IT IS THEREFORE ORDERED THAT:**

Defendants' motion to dismiss (Doc. 3) is **GRANTED**.


Date: 7/6/06                                            s/Timothy S. Black
                                                        Timothy S. Black
                                                        United States Magistrate Judge